FRED GODIN *vs.* IRVING SHECHTMAN.

NOVEMBER 19, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

376

BAKER, J. This is an action of assumpsit in which the plaintiff seeks to recover for the alleged breach of an agreement entered into by the parties. In the superior court a jury returned a verdict in plaintiff's favor for $1,135.67 and the trial justice denied defendant's motion for a new trial. Thereafter the latter duly prosecuted his bill of exceptions to this court.

The evidence shows that defendant, who was an auctioneer, was employed by plaintiff to sell for him certain goods and chattels. On November 5, 1951 plaintiff signed a paper which contained the following language: "I the undersigned engage Irving Shechtman to Sell at Public Auction all Stock and fixtures of the Godin Construction co without reserve located at 375 Lonsdale ave Corner Lonsdale & Summitt St. Pawtucket. Commission 10% Plus expenses.

Expenses not to exceed $100.00. Everything Free & Clear of all Encumbrances." The plaintiff also claims that in addition defendant orally agreed to take a complete inventory prior to the sale of the goods, to give plaintiff a copy thereof, and immediately after the sale to make a full accounting of all moneys taken in and all expenses incurred.

In substance it is plaintiff's contention that defendant breached the agreement by failing to take such an inventory and by neglecting to account promptly and accurately for moneys received from the sale. The plaintiff also urges that the sale was improperly conducted by selling articles too fast and knocking them down to favored bidders before the bidding ended. On the other hand defendant denies that there was any oral understanding in respect to the taking or giving of an inventory. He asserts that he properly accounted for all moneys received, and that the sale was not hurried but was conducted in a normal and usual manner.

The auction was held November 10, 1951. At that time defendant gave plaintiff no inventory of the goods sold and did not then account to him for the proceeds of the sale or the expenses chargeable thereto although defendant and his employee kept all the records. Thereafter he mailed plaintiff a statement showing that the total amount of the sale of plaintiff's goods was $857.69, from which sum defendant deducted his commission of 10 per cent, expenses of $97.50 including advertising, cards, help and a book-keeper, certain credits of $13.75, and $25 for purchases made by plaintiff, leaving $635.67 due the latter. A check for that sum payable to plaintiff, dated November 14, 1951, was enclosed with the account. The check was returned to defendant by plaintiff who contended that the sale brought a greater sum than defendant reported and shortly thereafter the present case was started.

The defendant is pressing five exceptions, namely, those numbered 4, 5, 6, 7 and 11, all others being waived. The

first four are to rulings of an evidentiary nature made during the course of the trial. We have examined these and are of the opinion that they were not prejudicial to defendant and in the circumstances do not constitute reversible error. Such exceptions are overruled. The eleventh exception is to the denial by the trial justice of defendant's motion for a new trial. One of the reasons set out in the motion is that the amount of damages awarded plaintiff is excessive.

It seems clear that by sending plaintiff a check for $635.67, which represented the alleged net proceeds of the auction sale, defendant in effect admitted that at least such sum was due plaintiff. The latter, however, contends that defendant owed a larger amount and that the above figure was inaccurate and insufficient. The verdict returned by the jury, namely, $1,135.67, indicates that on the conflicting evidence it accepted in general plaintiff's version of the transaction between the parties. Moreover the trial justice approved the verdict when he denied defendant's motion for a new trial. The plaintiff therefore is entitled to the benefit of such findings at least on the issue of liability.

The plaintiff himself was present at the sale and although he kept no detailed account of what the individual articles brought he testified that according to his estimate he believed about $1,100 was taken in. From the context it is clear that in giving that figure he was referring solely to what was received from the sale of his own goods. On the other hand defendant testified that the total sum taken in at the sale "was somewhere around $1,150" but that included certain merchandise which belonged to him and which he had put in the sale. He stated that plaintiff's merchandise alone brought in $857.69. However, he introduced no evidence which specifically showed what articles in the sale were his own goods and what each sold for. It was his duty and burden to prove that fact if he relied on it. Indeed no evidence was produced to show exactly how that figure was arrived at and what the details entering into

its makeup were. These are matters which were peculiarly within defendant's knowledge.

Finally certain pertinent evidence on this issue appeared in the presentation of plaintiff's case. Herbert J. Carter, an admittedly qualified auctioneer, but who did not conduct the sale of plaintiff's goods, testified that prior thereto he examined them and, estimating in round figures, judged that they were worth about $1,000. While he also stated in answer to a question: "Well, usually, when I say $1,000, it may go to $1,200 or $1,300," there is no evidence from him or anybody that the sale brought in such a total.

Upon consideration it is our opinion that in the circumstances the amount of the verdict awarded plaintiff by the jury and approved by the trial justice is excessive. It seems clear that in approving such verdict he misconceived the evidence relating to damages. An examination of the evidence shows no reasonable ground or basis for increasing defendant's tender of $635.67 to $1,135.67 even if it is granted that the former figure was inaccurate and low. Assuming that on the record herein the auction sale brought in $1,150, as defendant testified, and that the jury could find this was entirely from the sale of plaintiff's goods, as plaintiff in substance testified, the defendant would be entitled under the agreement to make certain deductions therefrom. These would be 10 per cent for his commission and also the other sums by way of expenses and credits which were set out in the statement he sent to plaintiff. After such deductions are made the remaining net sum to which plaintiff would be entitled is $898.75. Any amount in excess of that is founded on mere guesswork and not on the evidence.

The defendant's exception to the denial of his motion for a new trial on the ground of excessive damages is sustained, and all his other exceptions are overruled. The case is remitted to the superior court for a new trial unless the plaintiff shall file on or before November 29, 1954 in the

office of the clerk of the superior court a remittitur of all of the verdict in excess of $898.75. If such remittitur is filed, the superior court is directed to enter judgment on the verdict as reduced by the remittitur.

ON MOTION FOR REARGUMENT.

NOVEMBER 26, 1954.

PER CURIAM. After our decision in the above case the plaintiff asked and received permission to file a motion for reargument. Pursuant to this permission he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.

*Harold H. Winsten,* for plaintiff.

*Jacob J. Alprin, Sydney I. Resnick,* for defendant.